940 F.2d 676
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Vicente M. FLORES, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7002.
 United States Court of Appeals, Federal Circuit.
 June 21, 1991.
 
 ON MOTION
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 MICHEL, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of the Department of Veterans Affairs (VA) moves to dismiss Vincente M. Flores' petition for review for lack of jurisdiction. Flores has not filed a response.
 
 
 2
 The following information was obtained from the papers Flores submitted to the court. Flores first submitted an application for disability benefits to the VA regional office in Manila nearly 19 years ago in September, 1971. It appears that the regional office rejected his claim because Flores had no record of valid military service. Flores submitted additional information thereafter. However, the VA did not consider that information warranted a change in its prior negative service certification. Nothing in Flores' papers indicates that he has ever filed a notice of disagreement with the Board of Veterans Appeals. Instead, on October 16, 1990, Flores filed a petition for review seeking direct judicial review by this court.
 
 
 3
 Direct review by this court of VA decisions concerning veterans' benefits is generally precluded by 38 U.S.C. Sec. 211 governing decisions by the Secretary. However, under 38 U.S.C. Sec. 223, a party may challenge a rule or regulation of the Secretary of Veterans Affairs. A party may also obtain review by this court by appealing a final decision of the United States Court of Veterans Appeals pursuant to 38 U.S.C. Sec. 4092.
 
 
 4
 Neither Flores' petition for review nor his informal brief demonstrates that this court has jurisdiction over Flores' case. Flores is not challenging a VA rule or regulation. Rather, both his petition for review and his informal brief ostensibly challenge a regulation issued by the Secretary of the Army,* not the Secretary of Veterans Affairs. In addition, the VA states that it has verified that there is no record of Flores having a case in the Court of Veterans Appeals.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 The Secretary's motion to dismiss is granted.
 
 
 
 *
 Flores' petition for review states:
 
 
 I
 am submitting to the Honorable U.S. Court of Appeals for the Federal District to decide the legal controversies involved by the sweeping official declaration issued by the Secretary of the Army
 In answer to the question "[w]hat regulations if any, of the Secretary of Veterans Affairs do you want reviewed ...", Flores' informal brief states:
 the Secretary of the Army is bound only by the Certification of military service emanating from the U.S. Department of the Army ...